IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE D. FLAGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 1:17-cv-857-WHA |
| | )  (wo) |
| JASON SMOAK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. 84) and the Plaintiff's Objections thereto. (Doc. 85).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds the objections to be without merit and due to be overruled.

The claims of the Plaintiff, Andre Flagg, which are before the court are claims revolving around a September 26, 2016 incident at the Houston County Jail, during which he claims excessive force was used against him and that the Defendants were deliberately indifferent to his medical needs for injuries which resulted from the alleged assault.

The Recommendation of the Magistrate Judge is that the Plaintiff's claims be dismissed for failure to exhaust, and, in the alternative, that they be dismissed on the merits.

With respect to the exhaustion analysis, the Plaintiff continues to claim, as he did before the Magistrate Judge, that the Defendants denied him administrative remedies resulting from his complaints concerning the September 26, 2016 incident. It is undisputed, however, that Plaintiff failed to file an appeal of his grievance and also that a

disciplinary hearing was held on October 4, 2016 concerning the events of September 26. At the hearing, the Plaintiff pleaded not guilty, but admitted to the wrongful conduct, refused to appeal, and was sentenced to 45 days in disciplinary segregation. Therefore, the Recommendation properly concluded that the Plaintiff failed to exhaust his administrative remedies concerning the September 26, 2016 incident. *See Flagg v. Reed*, 2020 WL 5607671, at *14 (M.D. Ala.) (finding there was no evidence before the court that the defendants prevented the plaintiff from filing a second appeal of any of his grievances even though there was evidence that the jail had a grievance process which the plaintiff had used on numerous occasions), *report and recommendation adopted*, No. 1:17-CV-642-RAH, 2020 WL 5606895 (M.D. Ala. Sept. 18, 2020).

The court also finds that Plaintiff's objections concerning his allegations of excessive force and denial of medical treatment are factually unsupported and, for the reasons stated in the Recommendation, also are due to be dismissed on the merits.

Accordingly, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge.

3. The Defendants' motions to dismiss and for summary judgment are GRANTED.

4. The case is DISMISSED with prejudice.

A separate Judgment will be entered.

Done this 13th day of January, 2021.

/s/ W. Harold Albritton
W.HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE